# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JOHN EDWARD FLOWE | ) | Case No: 3:00-CR-169-02 |
| | ) | USM No: 16499-058 |
| Date of Previous Judgment: October 22, 2001 | ) | Tanzania C. Cannon-Eckerle |
| (Use Date of Last Amended Judgment if Applicable) | ) | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ■ the defendant ❏ the Director of the Bureau of Prisons ❏ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
■ **DENIED.** ❏ **GRANTED** and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
Previous Offense Level: 35           Amended Offense Level: 33
Criminal History Category: VI        Criminal History Category: VI
Previous Guideline Range: Life to ___ months     Amended Guideline Range: Life to ___ months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
❏ The reduced sentence is within the amended guideline range.
❏ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
■ Other (explain):   No reduction is authorized because Defendant's original sentence was "based on" a departure from the statutory mandatory minimum and not on a sentencing range lowered by Amendment 706. See United States v. Hood, --- F.3d ----, 2009 WL 416979 (4th Cir. Feb. 20, 2009).

**III. ADDITIONAL COMMENTS**
Upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, it is ordered that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation

Except as provided above, all provisions of the judgment dated   October 22, 2001   shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  February 24, 2009

Effective Date: _____
(if different from order date)

Frank D. Whitney
United States District Judge